GRAND TRUNK RY. CO. v. CENTRAL VERMONT R. CO.

(Circuit Court, D. Vermont. March 24, 1900.)

RAILROADS—SUIT TO FORECLOSE MORTGAGES—EFFECT OF SALE.

A court, in its decree foreclosing railroad mortgages, ordered the property sold free from all claims except such as should be decreed to have preference over the mortgages, and provided that no claim should be allowed preference unless it had been filed in the suit, or should be filed within 60 days, notice of which provision was published. In the subsequent order confirming the sale after the expiration of the 60 days, the purchase price having been paid chiefly in mortgage bonds, the court reserved the right to require the purchaser to pay such further sums in cash as should be necessary to pay claims which should be allowed preference under the terms of the decree. *Held*, that the court, after having sold and transferred the property, had no further jurisdiction in the suit to entertain a petition to enforce a claim against it, or to require the payment by the purchaser of any claim which had not been filed as required by the decree.

In Equity. Suit to foreclose railroad mortgages. On petition of intervention.

Hollis R. Bailey, for petitioner.
Chas. M. Wilds, for respondent.

WHEELER, District Judge. While the Vermont Central and Vermont & Canada Railroads were in the hands of receivers of the state court of chancery by the name of trustees and managers, that court, by decree of April 20, 1872, authorized them to issue and dispose of their notes, called "income and extension bonds," to an amount not exceeding $2,500,000, on time not exceeding 30 years, at interest not exceeding 8 per cent., to "constitute a lien and charge upon the trust property and the earnings thereof under the control of said trustees and managers; and in case said trustees and managers shall fail to pay said notes, or the interest thereon, as it becomes due and payable, the holders of said notes, or any of them,

may apply to this court by petition for a realization of his or their securities, or for a summary order for the payment of the amount due out of the property or current earnings of the railroads under the control of said trustees and managers." Pursuant to the decree, the trustees and managers issued such notes to a large amount, whereby in each they, "as such trustees and managers only, and out of the funds and property and securities reserved and devoted to that purpose by the order and direction of the chancellor under and by virtue of a decree of the court of chancery under the date of April 20, 1872," promised to pay ———, or bearer, the sums specified in each, 30 years after date, with interest semiannually at 8 per cent., on presentation at their office in Boston. Upon reorganization, in 1883, these notes were made exchangeable for first mortgage bonds at face value, without interest, on presentation to the trustee. That mortgage, with a subsequent one, has been foreclosed in this cause. All the bonds issued for notes presented for exchange were reckoned in computing the sum due in equity, and on January 27, 1899, a decree of sale was made, on failure to redeem, of all the property free of all claim except such as should have a preference over the mortgages, to be paid for, mostly, in bonds and coupons to be deposited, and providing that "no claim shall be allowed a preference over the said mortgages unless the same has already been filed in this cause, or shall be filed within sixty days from the date of this decree," and for notice by publication to all parties desiring to file such claims to do so within the time limited. The property was sold on a bid of $7,000,000, and by the decree of confirmation of the sale the grantee of the purchaser was required from time to time thereafter to "pay such further portions of said bid and purchase price in cash as the court may direct in order to meet the expenses of foreclosure and sale, and such claims as may, in accordance with the terms of said decree entered January 27, 1899, be allowed a preference over the mortgages thereby foreclosed, or either of them, and be ordered by the court to be paid, and the distributive share due upon all bonds and coupons not deposited in payment of the purchase price." Roland M. Smythe has, since the expiration of the 60 days, and after the decree of confirmation, presented a petition setting forth that he is the owner for value in good faith of five of the income and extension bonds or notes of $1,000 each, with interest coupons unpaid; that through ignorance of the proceedings in respect to them they were not presented for exchange under the reorganization nor within the 60 days under the decree of sale, nor till after the decree of confirmation of the sale; and claiming that the grantee the Central Vermont Railway Company should, by the terms of the decrees, pay into the court such sum as the petitioner is entitled to receive in payment of his five bonds, and interest; and praying that such payment be ordered, and for further relief. That company has moved that the petition be dismissed, and the cause has now been heard upon that motion.

That these notes or bonds were valid securities upon the property in the hands of the receivers issuing them while it remained in the custody of that court could not well be questioned, and that they

were so wherever the property might be situated, if it could be reached by proper proceedings to enforce them, may be true; but that does not answer the question whether this petition should be retained here for further proceedings. While the property was in the custody of this court, through its receivers, an intervening petition like this would be a proper proceeding for any one having a lien or claim upon the property to take for enforcement of the right, because the court had the property in the grip of the law, and it could not be proceeded against elsewhere. That the court has so had the property in custody is, however, no good reason for such a proceeding against it after it has gone to the owners. The custody, which is the foundation for such a proceeding in such a case, is gone. The actual custody of the property here is gone, and no ground for such a proceeding remains, unless the liability of the purchaser has been so retained, through the proceedings mentioned, as to warrant it. Liabilities for labor, materials, and supplies were pending in the course of the cause, and they were understood to be claims having precedence over the mortgages when allowed as such. Still other claims might, from the generality of the expression, be included. However this might be, only such as had been presented, or should be within the 60 days, were, by the terms of the decree, saved. The running of the time might not at all affect the validity of the securities, and yet exclude them from among those reserved for summary proceedings against the purchaser of the property which the court, by the decree, parted with. The time for presenting them expired before the confirmation of the sale, and in that aspect presentation within the time would be quite material to the rights of the purchaser. The further provision as to distribution of the price among bondholders not depositing their bonds applies to those who had mortgage bonds and did not deposit them, and not to those who might have had mortgage bonds, but did not. The petitioner might have had such bonds, but did not, and through his failure to exchange his notes or bonds for them nothing has been reserved for him in the receivership proceedings here. Petition dismissed without prejudice.